DEBT.                          Nelson *vs* Tyler.

Case 32.               ERROR TO THE FULTON CIRCUIT.

                 *Administrators, Appeal Bonds. Pleading.*

January 6.      JUDGE GRAHAM delivered the opinion of the Court.

                   This is an action of debt brought by Nelson upon an
The case stated,  appeal bond in the penalty of eight hundred dollars,
and pleadings.    executed by Austin S. Tyler and the defendant James
P. Tyler. The condition shows that said Austin S.
Tyler as administrator of Labourn Combs, deceased,
"has obtained an appeal from the judgment of the Ful-
ton Circuit rendered in an action therein in favor of
said Nelson against said Tyler, administrator as afore-
said," and stipulates that the bond shall be void if said
Austin S. Tyler administrator as aforesaid, shall duly
prosecute the said appeal and with effect, or shall well
and truly satisfy and pay said Nelson the amount of his
judgment with interest and costs, and all costs and
damages which may be awarded to or sustained by said
Nelson in case the said judgment is affirmed in whole
or in part, or said appeal be dismissed or discontinued.
The declaration then avers that the judgment appealed
from was affirmed by the Court of Appeals, and that
neither of the obligors have paid $300, the amount of
the judgment, nor the interest, nor the sum of $20, the
costs of the suit at law, nor $50 the plaintiff's costs in
the Court of Appeals, nor $45 52 the damages adjudg-
ed to him by reason of said appeal, nor have either of
them paid any part of said sums.

   The defendant after having oyer of the bond and the
condition and of the judgment mentioned in the bond,
plead in bar of the action in substance, that the judg-
ment was against said Austin S. Tyler as administrator
of Combs, that the bond was entered into by said Aus-
tin S., as administrator with the defendant as his surety

and that no assets of the decedent's estate have ever come to the hands of said administrator to be administered. To this plea the plaintiff demurred. The Court overruled the demurrer, and the plaintiff electing to stand by his demurrer, the Court gave judgment for the defendant for his costs against the plaintiff, who has by writ of error brought the case to this Court for revision. The only thing to be inquired into, is the sufficiency of the matter alleged in the plea to bar the plaintiff's right of action. By the act of 1812, 1 *vol. M. & B. digest laws of Ky.*, 675, it is enacted that any bond thereafter executed by an administrator or executor to make a writ of error a *supersedeas* or upon an appeal, shall not make the executor or administrator liable out of his own estate, any further than for costs upon a deficiency of assets; "and the officer taking any such bond shall prepare the same accordingly." The bond which the administrator has executed in this case was not prepared according to the act of assembly above referred to; the obligation to pay the penalty is personal on the obligors, but the condition annexed to the penalty shows that in executing the bond the obligors had no other object than to suspend by appeal the operation of a judgment which had been obtained against Austin S. Tyler as administrator of the estate of Combs, deceased, to be paid out of the assets in his hands as such administrator. This case is very much like that of *Mahan* vs *Tydings* (10 *B. Monroe*, 358,) which was the case of an injunction bond executed by an administrator. There it was settled that as the bond was not a private instrument executed between party and party, each having an equal right to prescribe its terms and control its language, but was an instrument drawn up for a particular purpose by a public officer, under the command of the law and executed by the parties, it should be so construed as to accomplish its proposed objects under the law. The case before us is as to every thing but costs, a stronger case for the defendants than was that of Mahan against Tydings,

NELSON
vs
TYLER.

for the objects of the law proposed to be accomplished by the execution of the injunction bond, controlled the Court in the exposition of the effect which ought to be given to it, whilst here there is an act of the legislature expressly enacting that no bond executed upon an appeal or supersedeas by an executor or administrator shall bind the obligors as to any thing but costs, beyond the assets in his hands.

Upon appeal bond given by executors & administrators since the act of 1812: (1 Stat. Law, 675) they are not individually bound beyond assets for anything but costs.

If the defendant in this case had not by his plea attempted to defeat the plaintiff's action entirely, but had plead *actio non* as to all but the costs, his plea would under the statute recited, have been unquestionably good; but in attempting to bar the plaintiff from recovering the costs on the appeal it has gone too far, and for that cause only the demurrer to it ought to have been sustained.

For this error, the judgment of the Circuit Court is reversed and the cause is remanded with directions to set aside the judgment, sustain the plaintiff's demurrer to the defendant's plea, and give the defendant if he shall ask it, leave to amend his plea or file additional pleas, and for other proceedings not inconsistent with this opinion.

*B. Monroe* for plaintiff; *Husbands* for defendant.